UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARISSE F., | ) |
| | ) CASE NO. C20-411-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER RE: SOCIAL SECURITY |
| COMMISSIONER OF SOCIAL SECURITY, | ) DISABILITY APPEAL |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1970.[1] She has a GED and one year of college education, and previously worked as a cook, packager, and receptionist. (AR 43-48, 253,

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -1

01   821.)

02         Plaintiff applied for DIB and SSI in February 2013.  (AR 229-41.)  Those applications
03   were denied and Plaintiff timely requested a hearing.  (AR 150-53, 163-75.)  In December
04   2015, ALJ Tom Morris held a hearing, taking testimony from Plaintiff and a vocational expert
05   (VE).  (AR 38-89.)  In January 2016, the ALJ issued a decision finding Plaintiff not disabled.
06   (AR 20-32.)  Plaintiff timely appealed.  The Appeals Council denied Plaintiff's request for
07   review in July 2017 (AR 1-6), making the ALJ's decision the final decision of the
08   Commissioner.

09         Plaintiff appealed this final decision of the Commissioner to this Court, which
10   reversed the ALJ's decision and remanded for further administrative proceedings.  (AR 878-
11   97.)  ALJ M.J. Adams held another administrative hearing (AR 817-47), and subsequently
12   found Plaintiff not disabled.  (AR 793-810.)  Plaintiff now seeks judicial review of that
13   decision.

14                                   **JURISDICTION**

15         The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §
16   405(g).

17                                   **DISCUSSION**

18         The Commissioner follows a five-step sequential evaluation process for determining
19   whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it
20   must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had
21   not engaged in substantial gainful activity since August 15, 2012, the alleged onset date.  (AR
22   796.)  At step two, it must be determined whether a claimant suffers from a severe

impairment. The ALJ found severe Plaintiff's lumbar degenerative disk disease, obesity, fibromyalgia, small fiber neuropathy, migraines, depressive disorder, anxiety disorder, post-traumatic stress disorder, and attention deficit hyperactivity disorder. (*Id*.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 796-98.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing light work with additional limitations: she can occasionally lift/carry 20 pounds and 10 pounds frequently. She can stand/walk for about six hours and sit for about six hours, in an eight-hour workday. She can push/pull on an unlimited basis, within the lift/carry limits. She can occasionally climb ramps, stairs, ropes, ladders, and scaffolds. She has no limitation regarding balancing, and can frequently stoop and kneel. She can occasionally crouch and crawl. She should avoid concentrated exposure to extreme cold, vibration, fumes, odors, gases, dust, poor ventilation, hazardous machinery, and unprotected heights. She can understand, remember, and carry out simple instructions and can exercise simple workplace judgment. She can perform work that can be learned on the job in less than 30 days by short demonstration and practice or by repetition. She can respond appropriately to supervision but should not be required to work in close coordination with co-workers or in jobs where teamwork is required. She can deal with occasional changes in the work environment. She can work in jobs that require only casual (as defined in ordinary English) interaction or contact with the general public. (AR 798-99.) With that assessment, the ALJ found Plaintiff

unable to perform past relevant work. (AR 808.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative occupations, such as production assembler, assembler electrical accessory II, routing clerk, addresser, nut sorter, and touch-up screener. (AR 808-09.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) discounting her subjective symptom testimony, and (2) assessing certain medical opinions. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

### Subjective symptom testimony

The ALJ summarized Plaintiff's allegations and explained that he discounted them because: (1) the record contains evidence inconsistent with her alleged mental limitations; (2) the record contained many normal findings that contradict Plaintiff's alleged standing and

walking limitations; (3) Plaintiff's ability to manage her son's benefits as his representative payee is inconsistent with her allegations of poor memory and concentration; and (4) Plaintiff's activities are inconsistent with her alleged limitations. (AR 799-804.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

<u>Evidence inconsistent with Plaintiff's alleged mental limitations</u>

The ALJ identified several categories of evidence that he found to be inconsistent with Plaintiff's alleged mental limitations, and the Court will address each category of evidence in turn.

<u>Plaintiff's presentation during appointments</u>

The ALJ acknowledged that Plaintiff frequently presented to mental health treatment appointments with symptoms such as tearfulness, labile affect, or tangential thought process, but did not do so during appointments for treatment of her physical conditions. (AR 800.) The ALJ reasoned that this was to be expected, because "she must discuss difficult issues" during mental health treatment. (*Id.*) That she did not present this way during other appointments led the ALJ to conclude that these symptoms were limited to the context of mental health appointments, rather than reflecting her general level of functioning. (*Id.*)

Plaintiff notes that the prior court remand order states that the prior ALJ erred in relying on the treatment notes of physical providers to discount mental allegations because those providers did not focus on mental symptoms, and thus their notes could not form the basis of an inconsistency supported by substantial evidence. Dkt. 18 at 4 (citing AR 892). The Commissioner does not directly respond to this argument, but instead simply restates the

ALJ's reasoning. Dkt. 19 at 3-4. It appears that similar reasoning was previously rejected by this court and the Commissioner has not explained why the law of the case doctrine should not apply. *See Herrington v. Cty. of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.").

Even if this line of reasoning is erroneous, however, the ALJ provided other independent, valid reasons to discount Plaintiff's testimony, and therefore this error is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

<u>Mental status examinations</u>

The ALJ found that the mental status examinations performed during mental health treatment appointments as well as physical treatment appointments were generally normal, which was inconsistent with Plaintiff's allegations of poor memory and concentration. (AR 801.) Plaintiff points to mental status examinations performed by examining psychologists as inconsistent with the treatment notes cited by the ALJ (Dkt. 18 at 4-5), but has not shown that the ALJ erred in focusing on the findings of treating providers. The ALJ cited a plethora of normal mental status examination findings throughout the record (AR 801), and Plaintiff's isolation of relatively few abnormal findings does not show that the ALJ erred in assessing the record. Plaintiff has not shown that the ALJ erred in relying on these inconsistencies in discounting Plaintiff's allegations. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

///

<u>Plaintiff's alleged inability to get out of bed and/or leave her house</u>

The ALJ noted that Plaintiff testified that she often struggled to get out of bed and leave her home, but that the treatment records show that she did not cite these struggles as the reason why she missed multiple mental health appointments, but instead reported problems with transportation or childcare, schedule conflicts, requests for a different clinician, or difficulty discussing trauma in counseling. (AR 801.) The ALJ also noted that despite her missed appointments, her mental health providers described Plaintiff's attendance as satisfactory, and that she rarely missed appointments for physical treatment. (AR 801.) The ALJ reasonably found that all of this evidence undermined Plaintiff's allegations of difficulty leaving her bed or home, and did not err in discounting Plaintiff's testimony on this basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

<u>Evidence inconsistent with Plaintiff's alleged problems standing and walking</u>

The ALJ noted that Plaintiff alleged an inability to sit, stand or walk for longer than 30 minutes at a time due to back pain (AR 799), and contrasted this allegation with "most medical treatment notes" indicating that Plaintiff had normal gait, sensation, coordination, lumbar range of motion, and upper/lower extremity muscle strength and tone. (AR 801-02.) The ALJ acknowledged that some of the treatment notes mentioned abnormal findings, but found that most of the notes were inconsistent with the functional limitations Plaintiff described. (*Id.*)

Plaintiff argues that the ALJ was "not free to ignore . . . abnormal findings" (Dkt. 18 at

11), but the ALJ did not ignore them: he acknowledged that the record contained some indication of abnormalities, but that the record as a whole was nonetheless inconsistent with the degree of physical limitation Plaintiff alleged. (AR 801-02.) Pointing to various abnormal findings does not establish that Plaintiff was functionally limited in any particular way (Dkt. 18 at 10-12), and thus Plaintiff has not shown that the ALJ erred in finding that the record was inconsistent with the physical functional limitations Plaintiff alleged. This inconsistency is a valid reason to discount Plaintiff's allegations. *See Carmickle*, 533 F.3d at 1161.

Representative payee

The ALJ noted that the Social Security Administration approved Plaintiff as the representative payee for her son's disability benefits, and she testified that she was able to manage those payments. (AR 802.) The ALJ found this activity to be inconsistent with the limitations Plaintiff alleged as to concentration and memory problems, based on the responsibilities of representative payees and the criteria for their appointment:

> It is doubtful that SSA would have selected [Plaintiff] as the representative payee for her child's benefits if she could not fulfill all of the above duties. It is also doubtful that the claimant would have been able to manage duties of [representative] payee if she were as impaired as she alleged.

(AR 803.)

Plaintiff argues that the ALJ erred in speculating that Plaintiff was capable of serving as an effective representative payee for her son. Dkt. 18 at 9-10. Although the record does not contain many details regarding Plaintiff's activities in this regard, the ALJ reasonably found an inconsistency between the duties of a representative payee and Plaintiff's allegations

of poor memory, and did not err in relying on this activity among others in assessing Plaintiff's allegations. *See Orn*, 495 F.3d at 639.

<u>Activities</u>

The ALJ also found other activities to be inconsistent with Plaintiff's allegations of mental and physical limitations. (AR 803-04.) Specifically, the ALJ explained that Plaintiff's ability to shop for her family and manage the finances "on an ongoing basis suggests fewer memory and concentration restrictions than alleged by the claimant." (AR 803.) The ALJ also found that Plaintiff's ability to exercise at the YMCA, participate in a support group, and travel was inconsistent with her allegations of an inability to go anywhere except the grocery store. (AR 803.) The ALJ went on to find that Plaintiff's travel activities were inconsistent with her alleged inability to sit or stand for more than 30 minutes. (AR 804.) Finally, the ALJ found that Plaintiff's ability to drive on a regular basis also undermines her allegations of cognitive deficits. (AR 803-04.)

Plaintiff argues that the ALJ erred in relying on these activities, but has not shown that the ALJ's findings were not reasonable. Although Plaintiff emphasizes that she scheduled her exercise at the YMCA to avoid big crowds of people (Dkt. 18 at 6), the ALJ reasonably found that Plaintiff's ability to exercise at the YMCA on a regular basis was nonetheless inconsistent with her testimony that she typically does not leave her home unless she needs to shop for groceries or attend a medical appointment. (*See* AR 803 (referencing AR 831-33).) Likewise, Plaintiff's ability to participate in a recovery support group reasonably contradicts her testimony regarding her inability to leave her home. Although Plaintiff contends that her ability to attend a support group did not prove that she could work full-time, and that she

should not be penalized for pursuing avenues to manage her symptoms (Dkt. 18 at 7), this argument misses the ALJ's point: the ALJ contrasted Plaintiff's testimony that she struggled to leave her home with her demonstrated ability to leave her home for these purposes. Plaintiff has not shown that this finding is unreasonable.

Plaintiff also argues that the record shows that she did not manage her finances well or shop for groceries without anxiety. Dkt. 18 at 7 (citing AR 66, 442, 444, 529, 832, 1986). The record does contain some indication of occasional problems with these activities, but Plaintiff's ability to largely manage them independently, along with driving, were nonetheless reasonably inconsistent with the cognitive limitations that Plaintiff alleged.

Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's allegations, the Court affirms this portion of the ALJ's decision.

## Medical opinion evidence

The ALJ gave the most weight to the opinions of State agency reviewing consultants, and less weight to the opinions of *inter alia* the DSHS examining psychologists. (AR 804-07.) Plaintiff argues that the ALJ failed to provide legally sufficient reasons to discount the examining psychologists' opinions, and that the ALJ erred in crediting the State agency opinions and, to some extent, failed to fully account for their opinions. The Court will consider each argument in turn.

Legal standards[2]

Where not contradicted by another doctor, a treating or examining doctor's opinion

---

[2] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

may be rejected only for "'clear and convincing'" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

<u>DSHS examining psychologists</u>

R.A. Cline, Psy.D., examined Plaintiff in December 2012 after reviewing no records, and completed a DSHS form opinion describing her symptoms and limitation. (AR 312-18.) In November 2013, Victoria McDuffee, Ph.D., reviewed Dr. Cline's opinion and completed her own DSHS form opinion. (AR 528-35.) In May 2015, Tasmyn Bowes, Psy.D., reviewed Dr. McDuffee's opinion and completed her own DSHS form opinion. (AR 536-49.) William Wilkinson, Ed.D., examined Plaintiff in November 2015 after reviewing no records, and completed a DSHS form opinion. (AR 1077-82.) Shawn Kenderdine, Ph.D., examined Plaintiff in November 2016 after reviewing no records, and completed a DSHS form opinion. (AR 1083-88.)

The ALJ addressed these opinions as a group, and explained that he discounted all of them as not informed by and inconsistent with the treatment record and evidence related to Plaintiff's activities, as discussed *supra* with respect to Plaintiff's allegations. (AR 806-07.)

Plaintiff argues that the ALJ erred in discounting the examining psychologists' opinions based on their limited perspective as to Plaintiff's functioning, because ALJs often give weight to non-examining State agency consultant opinions that lack the benefit of even one examination. Dkt. 18 at 14. This argument misses the ALJ's point: the ALJ noted that

State agency consultants reviewed the entire record at the time of their review, yet the examining psychologists did not have the benefit of this longitudinal perspective on Plaintiff's functioning. The ALJ did not err in discounting the examining psychologists due to their lack of familiarity with Plaintiff's longitudinal treatment and functioning. *See* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6).

Furthermore, just as the Court found that the ALJ identified reasonable inconsistencies between Plaintiff's allegations and the remainder of the record, those portions of the record are also inconsistent with the disabling limitations described by the examining psychologists, as the ALJ explained. (AR 806-07.) The ALJ did not err in discounting opinions inconsistent with the longitudinal record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

Lastly, the ALJ found that to the extent the examining psychologists opined that Plaintiff would have significant restrictions in completing a normal workday/workweek and maintaining regular attendance, these opinions did not describe precise vocational restrictions. (AR 807.) The Commissioner does not defend this line of reasoning. Dkt. 19 at 8-10. Even if this reasoning is erroneous, it is rendered harmless via the ALJ's providing other independent, valid reasons to discount the examining psychologists' opinions. Accordingly, the Court affirms the ALJ's assessment of the DSHS examining psychologists' opinions.

State agency opinions

The ALJ gave the most weight to opinions written by State agency consultants after a review of the record in 2013. (AR 804-05.) Plaintiff contends that the ALJ erred in crediting

opinions that were written at an early part of the adjudicated period (Dkt. 18 at 16-17), but the ALJ expressly considered whether these opinions were consistent with the longitudinal record. (AR 804-05.) Because Plaintiff has not shown that the State agency opinions were inconsistent with the remainder of the record, she has not shown that the ALJ erred in crediting them. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

Nonetheless, the Court does find error in the ALJ's assessment of the State agency psychological opinions, because the ALJ purported to credit them but did not account for all of the social limitations that the consultants indicated. Specifically, the psychological consultants opined that Plaintiff was limited to superficial interaction with supervisors, co-workers, and the public (AR 100-01, 113-14, 130, 144), and — despite explicitly referencing this limitation (AR 805) — the ALJ placed no restrictions on Plaintiff's ability to interact with supervisors and instead found that she can "respond appropriately to supervision." (AR 798-99.) The ALJ prohibited "teamwork" and working in "close coordination" with co-workers, but these restrictions do not encompass a prohibition on more than superficial contact with supervisors. (AR 799.) Even if the ALJ's RFC assessment adequately accounts for the other social limitations described by the State agency consultants pertaining to co-workers and the public, it does not account for the purportedly credited supervisor restrictions and is therefore erroneous.

This error should be remedied by further proceedings, because it is not clear that

Plaintiff would be found disabled even if the State agency opinions had been fully incorporated into the RFC assessment. Indeed, the State agency consultants found that Plaintiff was not disabled, despite her social limitations, and the ALJ's prior unfavorable decision also included this limitation. (*See* AR 26, 92-117, 120-47.) Thus, the Court finds that a remand for further proceedings is appropriate under the circumstances of this case. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (holding that a remand for a finding of disability is only appropriate where *inter alia*, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand).

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider the State agency opinions and any other part of the decision as needed.

DATED this 8th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge